PER CURIAM:
Claimants seek $381.09 for damage sustained to their automobile, a 1980 Chevrolet Citation, when it struck a hole in the surface of the highway. The claim was originally filed solely in the name of Phyllis L. Alistad. The evidence revealed that the vehicle was titled jointly in the *49 names of both Harden D. and Phyllis L. Alistad. The Court, then, upon its own motion, amended the style of the claim to include the proper parties.
The accident occurred August 1986. Claimant Phyllis Alistad was operating her vehicle in an easterly direction on Route 50 in Parkersburg, Wood County, West Virginia. Her husband accompanied her in the automobile. It was approximately 3:00 p.m. It was raining at the time of the accident. Claimant was unable to avoid the hole as there were automobiles in front of her automobile, behind her automobile, and to the left of her automobile. She was travelling at approximately 30-35 miles per hour. She estimated the hole to be two feet by three feet. She testified that she distinguished the hole which her vehicle struck from a pothole. She alleges that the hole is a "cut out hole," or one cut for the purpose of construction, she travelled this route two to three times weekly. She was unaware of the presence of the hole at the time she struck it, and Phyllis Alistad did not observe construction at the site of this incident.
Thomas Franklin Badgett, Wood County Road Supervisor for respondent, testified that he is aware of the section of roadway which is the subject to this action. Respondent was not performing construction work in that area in August 1986. He explained that respondent had requested permission for resurfacing this road, and a number of utility companies were cutting out pavement and working on sidewalks during this time.
The testimony reveals that independent contractors were responsible for the hole cut in the pavement. This Court has held in the past that respondent cannot be found liable for torts committed by an independent contractor. Safeco Insurance Co. vs. Dept. of Highways, 9 Ct.Cl 28 (1971). For that reason, the Court is of the opinion to, and must, deny this claim.
Claim disallowed.